UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MISTY D. MORSE, individually and on behalf of others similarly situated,  )<br>)<br>Plaintiff  )<br>)<br>)<br>)<br>)<br>vs.  )<br>)<br>EQUITY LIFESTYLE PROPERTIES, INC.,  )<br>)<br>)<br>Defendant  ) | **COLLECTIVE ACTION COMPLAINT PURSUANT TO 29 USC § 216(b)**<br><br>CASE NO.  2:13-cv-00408-JMS-MJD |

***PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S "MOTION TO DISMISS COMMISSION-BASED OVERTIME CLAIM AND DENY CONDITIONAL CERTIFCATION MOTION BECAUSE BOTH ARE MOOT"***

Comes now the plaintiff, Misty D. Morse ("Morse"), individually and on behalf of others similarly situated, by counsel, and submits the following as her Response in Opposition to the February 17, 2014 "Motion to Dismiss Commission-Based Overtime Claim and Deny Conditional Certification Motion Because Both are Moot" (Docket Entry 27) filed by Defendant Equity Lifestyle Properties, Inc. (hereinafter "Equity").

*I. INTRODUCTION*

Morse filed her Motion to Certify Collective Action and supporting Brief (Docket Entries 3 & 4) on November 25, 2013 at the same time she filed her original Complaint.  Her motion to certify collective action remains pending before the Court, but the only conceivable reason that motion does not have a ruling is the three (3) different requests for an extension to respond sought by Equity.  Equity's theory that it has "mooted" Morse's FLSA claims for unpaid overtime by

1

announcing its intention to mail a check for $96.14 (Docket Entry 27, ¶ 2), is incorrect on a significant number of fronts, all of which will be addressed below. What is very clear from Equity's February 17, 2014 filings is the fact that Equity concedes both liability for its failure to include commissions in the calculation of overtime rates of pay for its non-exempt employees and the fact that this FLSA violation was committed against an entire class of employees who comprise the putative opt-in plaintiffs. Equity's very transparent strategy to avoid judgment in this case cannot work. As the Court can imagine, Plaintiffs are not willing to take Equity at its word that it will figure out on its own how much it owes its employees and that it will put all of these checks in the mail, all without the supervision of the Court and Plaintiff's attorneys.

## II.  LEGAL ARGUMENT

### A.  Failure to Comply With Local Rules

Local Rule 7-1(b)(1) requires that any motion to dismiss be accompanied by a separate supporting brief. Equity failed to comply. Local Rule 7-1(b) uses the word "must" when describing this obligation. For this reason alone, the Court can disregard Equity's motion to dismiss. Particularly when dealing with a party that is employing such a strategy to avoid liability for clear violations of the law, such a ruling founded in strict compliance with our local rules is justified.

Morse would ask that the Court grant her unopposed November 25, 2013 Motion to Certify Collective Action immediately to avoid a duplication or re-filing of Equity's Motion to Dismiss.

### B.  Standard of Review

In considering a motion to dismiss for lack of subject matter jurisdiction, the Court "must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in the plaintiff's favor." *Will v. Panjwani,* 2013 WL 5503331, *1 (S.D.Ind.), citing

*United Transp. Union v. Gateway W. Ry. Co.,* 78 F.3d 1208, 1210 (7th Cir.1996). When a defendant raises a factual challenge to the Court's subject matter jurisdiction, the Court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Apex Digital, Inc. v. Sears, Roebuck & Co.,* 572 F.3d 440, 444 (7th Cir.2009) (collecting cases). The Plaintiffs have the burden to prove, by a pre-ponderance of the evidence, that subject-matter jurisdiction exists for their claims. *Lee v. City of Chicago,* 330 F.3d 456, 468 (7th Cir.2003).

### C. *Morse's Motion to Certify FLSA Collective Action Was Filed Long Before Equity Sought to Pay Her Claim*

As described above, Morse's Motion to Certify FLSA Collective Action (Docket Entries 3 & 4) has been pending with the Court since November 25, 2013, a period of almost three (3) months. A response to that motion should have been filed by no later than December 20, 2013. Equity has delayed a ruling on that motion with three (3) different motions for an extension of time to respond - December 20, 2013 (Docket Entry 11), January 20, 2014 (Docket Entry 19) and February 10, 2014 (Docket Entry 24). It is obvious from Equity's February 17, 2014 filings (particularly Docket Entries 27 and 27-2) that Equity used this extra two (2) months' of extension time to figure out that it had committed a company-wide FLSA violation. While Equity may acknowledge its violation and obligation to pay overtime damages to its employees, this "mooting" strategy is clearly an attempt by Equity to avoid the supervision of the Court and Plaintiff's attorneys. Plaintiffs are not willing to allow Equity to decide for itself the identities of those potential opt-in plaintiffs to whom Equity owes money and the amount Equity owes each, particularly as no discovery has occurred to date.

Equity cites *Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523 (2013) in support of its motion to dismiss, but this case is easily distinguished. This Court included a footnote in a recent

similar case addressing this very issue:

> Even if Unlimited Mobile's offer of judgment had been enough to satisfy the Plaintiffs' entire demand, the Court may not have dismissed the case. Unlimited Mobile relies on a recent United States Supreme Court case in support of its position, [dkt. 27 (citing *Genesis Healthcare Corp. v. Symczyk,* ⎯⎯ U.S. ⎯⎯, 133 S.Ct. 1523, 185 L.Ed.2d 636 (2013))], but *Genesis Healthcare* is materially distinguishable because the majority in that case expressly noted that the plaintiffs "had not yet moved for 'conditional certification' when her claim became moot," 133 S.Ct. at 1525. Unlike in *Genesis Healthcare,* the Plaintiffs in this case moved for conditional certification weeks before Unlimited Mobile made its offer. [Dkts. 14; 27–1.] Therefore, *Genesis Healthcare* is not directly on point. *See also Singer v. Illinois State Petroleum Corp.,* 2013 WL 2384314 (N.D.Ill.2013).

*Will v. Panjwani*, 2013 WL 5503331, * 3 FN 2 (S.D.Ind.). In this case, Morse did precisely as the Seventh Circuit instructed to avoid any mooting of her claims to the detriment of a class of other victims, she filed her motion to certify simultaneously with her Complaint. *Damasco v. Clearwire Corp*. 662 F.3d 891, 896 (7th Cir. 2011) ("A simple solution to the buy-off problem that Damasco identifies is available, and it does not require us to forge a new rule that runs afoul of Article III: Class-action plaintiffs can move to certify the class at the same time that they file their complaint.")

Finally, while this may come across as oversimplification, there is no rule and no reason that the Court cannot simply rule upon motions in the order they were filed with the Court. Morse's Motion to Certify FLSA Collective Action has been pending since November 25, 2013 and it is obviously uncontested. With respect to this concept of "mootness," Equity's basis for a motion to dismiss becomes moot when the case is properly certified as a collective action.

### D. *Other Potential Plaintiffs Have Rights At Stake In This Collective Action Litigation*

Although Equity did not address this issue, to the extent Equity would take the position that no person other than Morse would have a stake in this litigation if Morse's claim were somehow mooted, Equity would be incorrect. At present, there is a stipulation to equitably toll

the running of the statute of limitations for potential opt-in plaintiffs (Docket Entry 19, ¶ 7; Docket Entry 24, ¶ 8). If Morse's collective action claim were dismissed, the potential opt in plaintiffs protected by this stipulation to equitably toll the running of the statute of limitations on their own FLSA claims would be harmed and many could lose portions of their claims for unpaid overtime compensation.

### E. *Morse's Claim for Overtime Related to Her Commissions Has Not Been Satisfied Nor Has the Claim Been Mooted*

#### 1. *Equity Has Paid Morse Nothing Toward Her Claims*

First, Equity has made no payment of any kind to Morse. This is clear from the face of Mr. Ross's letter (Docket Entry 27-2) ("ELS has concluded that this sum is not worth litigating. So ELS will be sending payment to Morse shortly, care of your office, for this total amount (less required withholding"). An indication that Equity might send a check in the future is certainly not the same as full provision of all demanded relief to Morse. Nothing has been paid. Her claims are definitely not satisfied, nor are they rendered moot in any way. Stated differently, the Court has no evidence that the claim has been paid as of this date and their exists no basis for a finding of "mootness."

Moreover, it is important to point out the fact that Equity has not offered to pay Morse anything for the bulk of her FLSA claims or her claims under the Indiana Wage Claims Act. Even in the scenario described by Equity, Morse remains an active plaintiff with active claims.

#### 2. *Equity Has Not Made a Settlement Offer and Morse Has Not Accepted a Settlement Offer*

Most of the cases about this "mooting" issue involve FRCP 68 Offers of Judgment that were rejected by lead plaintiffs. See, e.g., *Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523, 1528-1529 (2013); *Will v. Panjwani,* 2013 WL 5503331, *2 (S.D.Ind.). Equity has made no

offer of judgment to Morse. Moreover, Equity makes clear that it has made no settlement offer of any kind to Morse (Docket Entry 27-2). Instead, Equity claims that it has decided on its own what Morse's claim is worth, and it will pay this small $96.14 amount it believes it owes (Docket Entry 27, ¶¶ 2 - 3). In doing so, Equity believes its unilateral action moots Morse's claim by providing her full relief.

Importantly, the only case other than the *Genesis Healthcare* case cited by Equity, *Holstein v. City of Chicago*, 29 F.3d 1145, 1147-1148 (7th Cir. 1994), was cited for the quote "when a defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate; a plaintiff who refuses to acknowledge this loses because he has no remaining stake." To be very clear, Morse did not make any ***demand*** of $96.14 to Equity, nor did she give any type of indication to Equity that her individual claim for commissions-related overtime was worth only $96.14.

### *3. Morse Does Not Agree, Nor Does She Concede, That Equity's Claim That it Intends to Pay Her $96.14 Provides Complete Relief*

Morse does not concede that $96.14 will fully satisfy her commissions-related overtime claim, nor does she agree that this sum will satisfy her individual claim for commission-related overtime. In this way, Morse is directly distinguishable from the plaintiff in *Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523, 1528-1529 (2013) whom the Supreme Court determined to have conceded that she had been provided full relief. This dispute over the damages owed to Morse, in and of itself, requires that Equity's motion to dismiss be denied, just as was the case in *Will v. Panjwani,* 2013 WL 5503331 (S.D.Ind.). Two important points need to be made about this topic.

First, Morse does not have any discovery from Equity to make her own calculation of

damages. She does not have a complete set of her pay stubs, her time records, or records showing the weeks in which she made sales to earn commissions. Indeed, Equity did not submit to the Court any of Morse's actual pay stubs, time records or commissions records. It submitted an affidavit with a chart. Please keep in mind that the same entity (and likely the same people) who committed the FLSA violation in the first place is the same entity submitting its own self-serving affidavit containing a characterization of damages owed and asking the Court to take Equity at its word.

Second, the Court already has a copy of one of Morse's pay stubs (Docket Entry 4-2) and her Affidavit (Docket Entry 4-1). Compare Morse's pay stub to Equity's chart on page 4 of Barb Itter's Affidavit (Docket Entry 27-1). Equity claims that it owes overtime for only one pay period in 2013 (pay date 6/19/13) based upon a commission of $125. Morse's pay stub for that very date (Docket Entry 4-2) shows that Morse's year to date commissions for 2013 had been $175.00 ($50.00 more than $125.00). Moreover, Morse makes clear that she worked overtime hours regularly, especially in 2013, which was her last year of employment (Docket Entry 4-1, ¶¶ 6 & 11). At least $50.00 in additional commission dollars were paid in 2013, but the corresponding increase in overtime compensation was not paid in that week or other weeks in 2013.

This one example alone shows that Equity's self serving calculation cannot be trusted without some independent investigation.

### 4. A Defendant Does Not Render a Plaintiff's Case Moot By Merely Paying The Amount The Defendant Thinks Might Be Due

The Seventh Circuit just issued an opinion dealing with a defendant seeking to moot a plaintiff's claims in a manner identical to Equity. *Scott v. Westlake Services LLC,* 2014 WL

250251, *2 (7th Cir., January 23, 2014)

> "Under this circuit's case law, an unaccepted settlement offer can render the plaintiff's case moot if it gives the plaintiff everything she requested. *Damasco v. Clearwire Corp.,* 662 F.3d 891, 895 (7th Cir.2011); *Gates v. City of Chicago,* 623 F.3d 389, 413 (2010). These cases reason that once "the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate" and thus no controversy to resolve. *Rand v. Monsanto Co.,* 926 F.2d 596, 597–98 (7th Cir.1991). In other words, "You cannot persist in suing after you've won." *Greisz v. Household Bank (Ill.), N.A.,* 176 F.3d 1012, 1015 (7th Cir.1999).
>
> On the other hand, if the defendant offers to pay only what it thinks might be due, the offer does not render the plaintiff's case moot. *Gates v. Towery,* 430 F.3d 429, 431–32 (7th Cir.2005). In that situation, the plaintiff still has a stake in the action because she may obtain additional relief if she prevails. The plaintiff's stake is negated only if no additional relief is possible. *Id.* To hold otherwise would imply that any reasonable settlement offer moots the plaintiff's case or that long-shot claims are moot rather than unlikely to succeed. *Id.* at 432. "That's not the way things work: A bad theory (whether of liability or of damages) does not undermine federal jurisdiction." *Id.*
>
> Westlake did not offer to satisfy Scott's entire demand. Westlake offered to pay only for dialer-generated calls and acknowledged only six such calls, significantly fewer than the twenty or more calls Scott identified in her complaint, translating to a difference of at least $21,000 in damages due. That is not an unconditional offer to pay the plaintiff the entirety of her demand. Whether a call is "dialer-generated" within the meaning of the TCPA is a hotly contested issue on the merits. See, *e.g., Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 950 (9th Cir.2009) (reversing grant of summary judgment because of factual dispute on whether defendants had used automated dialer in violation of TCPA). Westlake's offer amounted to telling Scott it was willing to pay for all calls that in its estimation (or perhaps that of a court) violated the TCPA. Under the sound reasoning of *Gates v. Towery,* such an offer could not render Scott's case moot."

Equity has not asked Morse what she thinks her claim is worth and made an unconditional offer to provide the full relief Morse demanded. Equity decided for itself what it will admit it owes and is willing to pay - a sum of less than $100.

### 5. *Equity Has Not Offered Morse Full Relief*

Morse has claims under the FLSA and the Indiana Wage Claims Act (Docket Entry 1). Equity has indicated that it will pay $96.14 to satisfy one small portion of Morse's FLSA claims -

not in satisfaction of Morse's overall FLSA claims (which include significant overtime violations for off the clock work and illegal auto-deductions for meal breaks that were never taken) (see Docket Entry 27-2). Equity offers no argument or case law support for its theory that it can moot a lead plaintiff's claims and completely bar a collective action by offering to pay only a small portion of a plaintiff's overall FLSA claims.

Additionally, Equity has not offered Morse full relief. To do so, Equity would have to fully and unconditionally pay all of Morse's attorney's fees and costs mandated under the FLSA. 29 USC § 216(b). Equity does not promise or even offer to pay any particular attorney's fee. It has made no payment of fees. Instead, it claims,

> "Accordingly, ELS is willing to pay your reasonable attorney's fees and costs actually incurred to date concerning the commission-based overtime claim, subject of course to our review of them and determination of their reasonableness."

(Docket Entry 27-2, p. 2). This offer is not unconditional. Indeed, Equity provides itself sole discretion to determine the Plaintiff's attorney's fees and costs that it - the adversary - deems reasonable. There is no guarantee Equity will pay any fees or costs, nor is there any indication of the timing of any such payment. Even though this is not a FRCP 68 offer of judgment, this is an offer of settlement as it relates to attorney's fees. The offer to pay fees and costs is vague and subject to conditions created by the Defendant. Moreover, since Equity does not state an amount of fees or allow for the Court to determine a reasonable attorney's fee, this offer itself is completely vague. The ambiguity means that the Court cannot find that the offer fully satisfies all of Morse's claims, particularly with respect to attorney's fees, and the motion to dismiss has to be denied. *Will v. Panjwani*, 2013 WL 5503331, * 3 FN 2 (S.D.Ind.), citing *Sanchez v. Prudential Pizza, Inc.*, 709 F.3d 689, 692 (7th Cir. 2013). See also *Simmons v. United Mortg. and*

*Loan Inv., LLC,* 634 F.3d 754, 766 -767 (4th Cir. 2011) (distinguishing a conditional offer which rendered an offer vague and, therefore, ineffective in mooting a plaintiff's FLSA claims from a circumstance in which the defendant agreed to let the court determine reasonable legal fees and moot an FLSA claim with a Rule 68 offer of judgment). Compare to *O'Brien v. Ed Donnelly Enters, Inc*., 575 F.3d 567, 575 (6th Cir. 2009) (affirming dismissal of FLSA claims as moot based upon offer of judgment, because Defendants offer to pay the reasonable attorney's fee as determined by the court is consonant with the statutory language which requires that the court allow the reasonable fee when it awards a judgment to a FLSA plaintiff.)[1]

### III.  CONCLUSION

For all of the above and foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's "Motion to Dismiss Commission-Based Overtime Claim and Deny Conditional Certification Motion Because Both are Moot," for an order certifying this matter as an FLSA collective action and ordering notice to prospective plaintiffs, and for all other just and proper relief in the premises.

Respectfully submitted,

HUNT, HASSLER, LORENZ & KONDRAS LLP

By /s/Robert P. Kondras, Jr.
Robert P. Kondras, Jr.

---

[1] Additionally, Attorney Kondras has personal experience with the Chicago office of Seyfarth Shaw and the acceptance of an offer of judgment that includes attorney's fees but is subject to a limitation. See *Meek v. Otis Elevator*, 2013 WL 5918765 (S.D. Ind., October 31, 2013). Based upon this lesson learned, absent a completely unconditional offer to permit the Court to determine reasonable attorney's fees and costs, Attorney Kondras will not accept an offer that places conditions on an attorney fee award.


        Attorney No. 18038-84

        100 Cherry Street
        Terre Haute, Indiana 47807
        (812) 232-9691
        kondras@huntlawfirm.net

        BARON & BUDD, P.C.
        3102 Oak Lawn Ave., Suite 1100
        Dallas, TX 75219
        (214) 521-3605


        By /s/Allen R. Vaught
        Allen R. Vaught
        Attorney No. 24004966 TX


### CERTIFICATE OF SERVICE

      I certify that on February 19, 2014, a copy of the foregoing pleading was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Arthur J. Rooney
Kara L. Goodwin
Jeffrey K. Ross
Seyfarth Shaw LLP
131 S. Dearborn, Suite 2400
Chicago, IL 60603


        HUNT, HASSLER, LORENZ & KONDRAS LLP


        By   /s/Robert P. Kondras, Jr.
        Robert Kondras, Jr.
        Attorney No.18038-84
        100 Cherry Street
        Terre Haute, IN 47807
        (812) 232-9691
        Fax: (812) 234-2881
        kondras@huntlawfirm.net